# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH ESTRADA,<br><br>    Plaintiff(s),<br><br>v.<br><br>SPECIALIZED LOAN SERVICING LLC,<br><br>    Defendant(s). | Case No. 2:22-cv-01620-GMN-NJK<br><br>**Order** |

The complaint seeks relief under state law from this federal court on the basis of diversity jurisdiction. Docket No. 1 at ¶ 6.

The complaint alleges that Defendant "is a limited liability company formed under the laws of the [sic] Colorado and its principal place of business is located in Colorado." Docket No. 1 at ¶ 2. For purposes of diversity jurisdiction, however, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "Moreover, if any member of Specialized Loan Servicing is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each 'sub-member' as well." *Diamos v. Specialized Loan Servicing, LLC*, 2014 WL 12603136, at *1 (N.D. Cal. Jan. 31, 2014).

To assist federal courts in ensuring that diversity jurisdiction exists, the corporate disclosure statement filed by each party "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2). Defendant's certificate of interested parties did not name all of its members (and any sub-members), nor identify their citizenship.[1]

---

[1] This federal rule became effective on December 1, 2022, and Defendant's corporate disclosure statement was filed on December 19, 2022. Hence, the new rule applies here.

Accordingly, Defendant must file an amended certificate of interested parties complying with Fed. R. Civ. P. 7.1(a)(2) by March 24, 2023.

IT IS SO ORDERED.

Dated: March 16, 2023

                                                Nancy J. Koppe
                                                United States Magistrate Judge