# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ELIZABETH ESTRADA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:22-cv-001620-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| SPECIALIZED LOAN SERVICING LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 20), filed by Defendant Specialized Loan Servicing LLC ("Defendant").  Plaintiff Elizabeth Estrada ("Plaintiff") filed a Response, (ECF No. 42), to which Defendant filed a Reply, (ECF No. 53).

Also pending before the Court is Plaintiff's Motion for Preliminary Injunction, (ECF No. 4), and Defendant's Motion to Expunge Lis Pendens, (ECF No. 22).[1]

For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss, **GRANTS** the Motion to Expunge Lis Pendens, and **DENIES as moot** the Motion for Preliminary Injunction.

## I.    BACKGROUND

This case arises out of Defendant's pursuit of foreclosure on the property located at 4910 Mascaro Drive, Las Vegas, NV 89122, APN 161-26-110-011 (the "Property"). (Compl. ¶¶ 5, 36, ECF No. 1); (Mot. Prelim. Inj. 1:20–21, ECF No. 4).  Plaintiff acquired title to the Property by way of a quitclaim deed from Nevada New Builds, LLC ("New Builds") on August 16, 2016. (Compl. ¶ 7).  The Complaint alleges that Plaintiff cashed out her IRA to pay for the purchase of the Property with the intent of the home being her retirement home, but the

---

[1] The parties stipulated to stay briefing on the Motion for Preliminary Injunction and Motion to Expunge Lis Pendens pending the Court's resolution of the Motion to Dismiss. (Order granting stipulation, ECF No. 26).

quitclaim deed between Plaintiff and New Builds reflects that Plaintiff paid a nominal sum of one dollar.[2] (Compl. ¶ 8); (Quitclaim Deed, Ex. 1 to Mot. Prelim. Inj., ECF No. 4-1 at 2).

New Build had itself acquired the Property via a quitclaim deed from Sterling Silver Springs Homeowners Association ("Sterling Silver") on April 8, 2015. (Compl. ¶ 9).  And Sterling Silver had acquired the Property after credit bidding at its HOA foreclosure sale for the former homeowner's unpaid assessments. (*Id.* ¶ 10).  At the time of the HOA foreclosure, a deed of trust was recorded against the Property. (*Id.* ¶ 11).

Unbeknownst to Plaintiff, when she purchased the Property from New Builds, New Builds had a pending quiet title action against the then-recorded beneficiary of the Deed of Trust in state court. (*Id.* ¶12).  After several substitutions of parties, Defendant in this case also became the defendant in the state court case. (*Id.* ¶¶ 18–19).  New Builds lost the state court lawsuit against Defendant and judgment was entered in favor of Defendant on August 12, 2020. (*Id.* ¶ 20).  The state court found that (1) the non-judicial foreclosure sale of the Property did not extinguish the Deed of Trust, (2) the Deed of Trust remains a valid lien upon, and continues to encumber, the Property, and (3) New Build's interest in the Property is subject to that Deed of Trust. (Prior Quiet Title Action 9:12–16, Ex. 14 to Mot. Dismiss, ECF No. 20-14).  The judgment was recorded against the Property on September 14, 2020. (Compl. ¶ 21).

Plaintiff brings one cause of action for Quiet Title against Defendant. (*Id.* ¶¶ 26–34). Plaintiff alleges that the Deed of Trust was extinguished by the HOA foreclosure sale or, alternatively, that Defendant is barred from filing a quiet title claim against Plaintiff in light of the six-year statute of limitations under HERA. (*Id.*).  Defendant now moves to dismiss.

///

---

[2] Plaintiff claims for the first time in her Response that she paid $45,000.00 for the property. (Resp. 1:24, ECF No. 42).  Plaintiff also alleges that the Property has a market value of $316,533 at the time of filing the Complaint, and the quitclaim deed between Plaintiff and New Builds reflects a total value of $139,991.00 at the time Plaintiff acquired title. (Compl. ¶ 6); (Quitclaim Deed, Ex. 1 to Mot. Prelim. Inj. at 4).

## II.   <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  A court may, however, take judicial notice of "matters of public record" without converting the motion to a motion for summary judgment. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   <u>DISCUSSION</u>

Under NRS § 40.010, "[a]n action may be brought by any person against another who claims an . . . interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."  A quiet title claim "does not require any particular

elements, but 'each party must plead and prove his or her own claim to the property in question.'" *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013).

Plaintiff's quiet title claim rests on the assumption that the Deed of Trust is extinguished or otherwise unenforceable against her. (Compl. ¶¶ 28–34). Defendant argues that Plaintiff's quiet title claim fails on five independent grounds: (1) the decision in the prior quiet-title action regarding the Property is binding on Plaintiff and Plaintiff could not have received a greater interest in the Property than what New Builds had; (2) Plaintiff's claim is barred by claim preclusion; (3) Plaintiff's claim is barred by issue preclusion; (4) Plaintiff's requested application of Nevada law is contrary to, and superseded by, federal law; and (5) to the extent Plaintiff's claim relies on an expired statute of limitations, no such statute of limitations applies. (Mot. Dismiss 8:27–9:6, ECF No. 20). The Court agrees with Defendant's first and fifth arguments and declines to address Defendant's remaining arguments.

### A. Statutes of Limitations Do Not Apply

Plaintiff's theory that the statute of limitations bars Defendant from quieting title against Plaintiff fails because no statute of limitations applies here. Plaintiff's Complaint alleges that, under 12 U.S.C. § 4617(b)(12), the statute of limitations for Defendant's hypothetical quiet title claim against Plaintiff is six years from the date of the foreclosure sale, January 3, 2014, or at the latest, six years from the date Plaintiff became titleholder, August 16, 2016. (Compl. ¶ 33). Thus, Plaintiff alleges that "by law, the Deed of Trust is extinguished and cannot be enforced against" Plaintiff. (*Id.* ¶ 34). But Defendant has not brought a claim subject to any statute of limitations—Defendant has not brought a claim against Plaintiff at all.

Plaintiff's Complaint appears to anticipate a quiet title counterclaim. (*See* Compl. ¶ 33). Because Defendant has not brought any counterclaims, whether such counterclaim would be time-barred is not properly before the Court. Plaintiff argues that she is "using the statute of limitations as a shield," but then states that Defendant "all but admits if [Plaintiff's] claim goes

forward, it will assert the Federal Foreclosure Bar as a defense, and then argue defenses are not subject to statute of limitations." (Resp. 7:19–21).  Indeed, under Nevada law, "[l]imitations do not run against defenses*." Dredge Corp. v. Wells Cargo, Inc.*, 389 P.2d 394, 396 (Nev. 1964).

"[W]hether affirmative defenses are exempt from statutes of limitations largely hinges on a realistic assessment of the parties' litigation posture." *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1035 (9th Cir. 2003).  In all the cases Plaintiff relies on, courts prevented *plaintiffs* from packaging a claim barred by a statute of limitations as a defense. *See, e.g.*, *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 154 (4th Cir. 2017) (finding that "the Agnews [plaintiffs] cannot characterize these time-barred claims as affirmative defenses in order to invalidate the Forbearance Agreement"); *Consumer Health Info. Corp. v. Amylin Pharms., Inc.*, 819 F.3d 992, 996 (7th Cir. 2016) ("Consumer Health sued Amylin asking for rescission as a necessary predicate to a claim of copyright ownership and recovery of damages for infringement. In short, Consumer Health is asserting fraud and economic duress offensively, not defensively, and as such cannot avoid the statute of limitations."); *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-01750-APG-BNW, 2019 WL 3291522, at *4 (D. Nev. July 22, 2019) (finding that permitting a plaintiff who initiates a lawsuit on stale claims to assert defenses that are the mirror image of the untimely claims "would improperly allow [plaintiff] to obtain the same affirmative relief that it sought in its time-barred claims").  Here, Defendant has not asserted any claims against Plaintiff.  Therefore, any affirmative defense Defendant raises is not subject to a statute of limitations. *See City of Saint Paul, Alaska*, 344 F.3d at 1035; *Nevada State Bank v. Jamison Fam. P'ship*, 801 P.2d 1377, 1382 (Nev. 1990).

## B.  Quitclaim Deed

Plaintiff admits in her Complaint that she acquired title to the Property by way of a quitclaim deed from New Builds. (Compl. ¶ 7).  "It is elementary that a quitclaim deed transfers only such title and interest as the grantor possessed when he delivered the title." *Del Webb*

*Conservation Holding Corp. v. Tolman*, 44 F. Supp. 2d 1105, 1111 (D. Nev. 1999).  Here, New Build's title was encumbered by a valid Deed of Trust, as confirmed by the state court judgment against New Build. (Prior Quiet Title Action 9:12–16, Ex. 14 to Mot. Dismiss, ECF No. 20-14).  Thus, when Plaintiff in turn acquired title via a quitclaim deed, her title continued to be encumbered by the Deed of Trust. *See Bank of Am., N.A. v. Hernandez*, No. 2:17-cv-03108-RFB-CWH, 2019 WL 1442184, at *5 (D. Nev. Mar. 31, 2019) (concluding that when property subject to deed of trust was conveyed by quitclaim, property remained subject to deed of trust after conveyance).

Plaintiff does not respond to Defendant's argument concerning the continued encumbrance on the Property following transfer of title via a quitclaim deed.  In fact, Plaintiff does not use the phrase "quitclaim deed" anywhere in her Response. (*See generally* Resp., ECF No. 42).  Plaintiff nonetheless contends that the prior quiet title action is not binding on her. (*Id.* 3:7–4:19).  But a "Nevada quiet title action is predominantly in rem or quasi in rem." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013).  If the prior quiet title action was in rem, then "the resulting judgment applies against the whole world." *Id.*  And if the prior quiet title action was quasi in rem, then the judgment defining New Build's rights in the property also defines what rights Plaintiff acquired by way of the quitclaim deed. *See id.* (explaining that in rem actions are taken directly against the property, whereas quasi in rem actions determine rights in the property).[3]

In sum, Plaintiff acquired title via quitclaim deed, thereby taking title to the property with any and all encumbrances on New Build's title, known or unknown to Plaintiff.  The prior quiet title action revealed that New Build's title was subject to the Deed of Trust.  Thus,

---

[3] "Quasi in rem proceedings are 'a halfway house between in rem and in personam jurisdiction,' because the 'action is not really against the property' but rather is used 'to determine rights in certain property.'" *Chapman*, 302 P.3d at 1106 (quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1070 (3d ed. 2002)).

Plaintiff's title is also subject to the Deed of Trust.  Because Plaintiff's claim rests on the faulty legal conclusion that the Deed of Trust is extinguished, her claim fails, and amendment would be futile.

### C. Equity

This Court sits in equity in the matter. *See Fed. Nat'l Mortg. Ass'n*, 2019 WL 3291522, at *4.  Plaintiff contends, "If there was ever a case where equity should intervene this is it." (Resp. 6:14–15).  Plaintiff describes herself as an "indigent elderly lady who cashed out her IRA and paid $45,000 for the property" without any knowledge that Defendant claimed an interest in the property. (*Id.* 6:15–18).  "Moreover," Plaintiff claims, "New Builds failed to disclose it had filed an action and violated Nevada law by failing to record a lis pendens." (*Id.* 6:18–19).  Plaintiff alleges that Defendant "likewise violated Nevada law by never recording a lis pendens" when Defendant counter-claimed for quiet title against New Builds. (*Id.* 6:19–21).

The Court first notes that New Builds is not a party to this action, so this litigation is not the proper avenue for Plaintiff to address New Build's alleged failures and violations. Additionally, although Plaintiff's age and financial status invoke the Court's sympathy, "it is well established that courts of equity can no more disregard statutory and constitutional requirements than can courts of law." *Mello v. Woodhouse*, 872 P.2d 337, 341 (Nev. 1994). The Court cannot find a sufficiently plead claim where there is none.  Further, the Court reminds Plaintiff that based on her own allegations, she purchased the Property via a quitclaim deed at less than one-third its stated value. (Resp. 6:16–17 (alleging Plaintiff paid $45,000.00 for the Property)); (Quitclaim Deed, Ex. 1 to Mot. Prelim. Inj. (listing value of the Property on quitclaim deed as $139,991.00)).  As Defendant suggests, "Plaintiff had at least inquiry notice that the interest she acquired was encumbered." (Reply 4:22).  The Court declines to change the necessary outcome of this case based on equity principles.

///

**D.  Expunging the Lis Pendens**

Upon commencing this action, Plaintiff recorded a lis pendens against the Property. (Not. Lis Pendens, ECF No. 5).  A lis pendens, or notice of the pendency of an action, applies to actions affecting the title or possession of real property. NRS § 14.010(1).  A court must order the cancellation of the notice of pendency if the court finds that the party who recorded the notice of pendency has failed to establish a likelihood of prevailing on the merits. *Id.* § 14.015(5).  Here, the Court dismisses Plaintiff's quiet title claim, so Plaintiff will not succeed on the merits.  Accordingly, the Court must expunge the lis pendens.[4]

///
///
///
///
///
///
///
///
///
///
///
///
///
///

---

[4] Defendant filed a Motion to Expunge Lis Pendens, (ECF No. 22).  The parties stipulated to stay briefing on the Motion to Expunge Lis Pendens. (Order granting stip., ECF No. 26).  Because the Court must expunge the lis pendens upon dismissing this case, the Court declines to wait for briefing on the matter.

V.      **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 20), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Quiet Title claim is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Motion to Expunge Lis Pendens, (ECF No. 22), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction, (ECF No. 4), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the notice of pendency is **CANCELLED**. This cancellation has the same effect as an expungement of the original notice.

**IT IS FURTHER ORDERED** that Plaintiff shall record a copy of this Order of cancellation with the county recorder.

**IT IS FURTHER ORDERED** that the Clerk's Office shall close this case.

**DATED** this __6__ day of September, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT